MARION REALTY & INVESTMENT Co., INC., Plaintiff, *v.* SAM FREY SEWING MACHINE Co., INC., et al., Defendants.

Supreme Court, Special Term, New York County, February 27, 1951.

*Milton J. Levine* for defendants.

*Joseph N. Klapper* for plaintiff.

BENVENGA, J. Motion for summary judgment in an action to set aside a bulk sale of the assets of the defendant Nationwide Sewing Machine Co. to the defendant Sam Frey Sewing Machine Co. The question is whether there was compliance with section 44 of the Personal Property Law which, so far as material, requires the purchaser in bulk of a merchant's stock of goods to give notice of the proposed sale to every creditor whose name and address appears on the list of creditors furnished him by the seller.

Admittedly, Nationwide borrowed money from the plaintiff corporation. In the transaction, Nationwide acted through its president, Samuel Frey, and the plaintiff corporation through its president, Samuel Itzkowitz. These individuals had known each other for many years. Instead of listing the name of the plaintiff corporation as its creditor, Nationwide listed M. Itzkowitz & Sons and the statutory notice was actually sent to and received by M. Itzkowitz & Sons. However, both corporations are "family" corporations; they occupy offices at the same address, and Samuel Itzkowitz, who negotiated the loan and is president of both corporations, actually received the statutory notice, and had both actual and constructive notice of the sale.

Since the purpose of section 44 is to give publicity to transfers in bulk, so that creditors may take steps to protect themselves against secret and fraudulent transfers (*Wolfe* v. *Bellfair Hat Co.,* 47 N. Y. S. 2d 908, 910–911; 37 C. J. S., Fraudulent Conveyances, § 471), it would seem to be immaterial whether the notice was sent to and received by Samuel Itzkowitz as president of M. Itzkowitz & Sons or by Samuel Itzkowitz as president of the plaintiff corporation. Since a corporation can only act through its officers and agents, and as Mr. Itzkowitz had actual knowledge of the sale, and was, therefore, in a position to

protect either or both of these corporations against secret and fraudulent transfers or sales, the plaintiff corporation is estopped from claiming that it had no knowledge of the transfer (*Wolfe* v. *Bellfair Hat Co., supra;* 37 C. J. S., Fraudulent Conveyances, § 478). Notice to the president of the plaintiff corporation is notice to the corporation itself, irrespective of the manner or capacity in which such individual received the notice or acquired the necessary knowledge.

The motion is therefore granted. Settle order.